UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Plaintiff,

vs.                                            CASE NO. 8:05-CIV-498-T-17-TGW

MIRIAN PATAMIA, et al.,

    Defendants.
_____/

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

    The cause is before the Court on Mirian Patamia's motion for summary judgment (Docket No. 37), Steven Patamia's motion for continuance and initial response to motion for summary judgment (Docket No. 41), and response to motion to continue (Docket No. 43).

**STANDARD OF REVIEW**

    This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. **Sweat v. Miller Brewing Co.**, 708 F.2d 655 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. **Hayden v. First National Bank of Mt. Pleasant**, 595 F.2d 994, 996-7 (5th Cir. 1979), quoting **Gross v. Southern Railroad Co.**, 414 F.2d 292 (5th Cir. 1969). Factual disputes preclude summary judgment.

CASE NO. 8:05-CIV-498-T-17

The Supreme Court of the United States held, in **Celotex Corp. v. Catrett**, 477 U.S. 317, 91 L.Ed.2d 265, 106 S.Ct. 2548, (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Id. at 273.

The Court also said, "Rule 56(e) therefore requires that nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'"  **Celotex Corp.**, at p. 274.  As the district court in **Coghlan v. H.J. Heinz Co.,** 851 F.Supp. 808 (N.D. Tex. 1994), summarized:

> Although a court must "review the facts drawing all inferences most favorable to the party opposing the motion,"...the nonmovant may not rest on mere allegations or denials in its pleadings; in short, "the adverse party's response... must set forth specific facts showing that there is a genuine issue for trial." FED.R.CIV.P. 56(e).  However, merely colorable evidence or evidence not significantly probative will not defeat a properly supported summary judgment...The existence of a mere scintilla of evidence will not suffice...(cites omitted) at 810-811.

The Court must "draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor."  **Speciality Malls of Tampa v. The City of Tampa**, 916 F.Supp 1222 (Fla. M.D. 1996).  (emphasis added) A court is not required to allow a case to go to trial "when the inferences that are drawn from the evidence, and upon which the non-movant relies are 'implausible.'"  **Mize v. Jefferson City Board of Education**, 93 F.3d 739, 743 (11th Cir. 1996)

CASE NO. 8:05-CIV-498-T-17

## BACKGROUND

This case was commenced by interpleader action filed by Prudential Insurance Company of America (Prudential) on March 15, 2005. The cause of action arose over claims to the life insurance proceeds arising from the death of Peter Patamia under a policy of insurance issued by Prudential. The named beneficiary to the policy is Mirian Patamia, however, the remainder of the defendants named in this action have placed notices of competing claims. (Docket No. 1). Prudential was dismissed from this action on August 16, 2005, after depositing the proceeds of the insurance policy in the registry of the court (Docket No. 16).

## DISCUSSION

Mirian Patamia, the named beneficiary to the insurance policy, has filed a motion for summary judgment (Docket No. 37) and seeks to have this Court declare that the proceeds of the insurance policy should be awarded to her. One of the other named defendants, Steven Patamia, filed a "Motion for Continuance and Initial Response to Mirian Patamia's Motion for Summary Judgment" (Docket No. 41). Steven Patamia first states that he did not receive a copy of the motion for summary judgment and was unaware of the motion until February 6, 2006, one month after it was filed and he seeks the opportunity to file a subsequent response to the motion for summary judgment. Steven, Sarah and Mandy Patamia have subsequently filed a crossclaim against Mirian Patamia (Docket No. 44).

The Court has reviewed this case and has determined that there are indeed existing questions of fact that preclude granting the pending motion for summary judgment. The contesting defendants have managed to raise enough of an issue at this juncture to require the Court to allow the case to proceed. However, the Court would like to strongly encourage these parties to consider trying to resolve this case between them. The life insurance proceeds in the case amount to only $20,432.16. The costs of a trial in this case could far exceed any expected

CASE NO. 8:05-CIV-498-T-17

recovery on the party of any interested party.

Based on what the Court has seen in review of this case, including the filing of crossclaims against the named beneficiary, the Court is going to continue the discovery cut-off in this case and set new deadlines for future motions and for trial. Accordingly, it is

**ORDERED** that the motion for summary judgment (Docket No. 37) be **denied**, the motion for continuance (Docket No. 41) be **denied as moot**, and the following new deadlines are established for this case: discovery shall be completed on or before June 30, 2006, all dispositive motion shall be filed on or before July 17, 2006, a pretrial conference may be scheduled on or after October 6, 2006, and a trial may be scheduled on or after October 23, 2006.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 31st day of March, 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:
All parties and counsel of record