UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


PRUDENTIAL INSURANCE COMPANY OF
AMERICA,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　CASE NO: 8:05-CIV-498-T-17-TGW


MIRIAN PATAMIA, et al,

    Defendants.
_____/


ORDER ON MEDIATON SETTLEMENT
AND DISMISSAL WITH PREJUDICE

    This cause is before the Court on the report from the Mediator, Lynn H. Cole, that this case settled in its entirety at mediation, and, as set out before this Court in a Hearing on Settlement held on November 1, 2006. The Court, thereof, states as follows:

    1. On March 15, 2005, Prudential Insurance Company of America filed a Complaint for Interpleader and Declaratory Relief against Marian Patamia, Sarah Patamia, Mandy Patamia, and Steven Patamia. The first name of Marian Patamia appears, incorrectly, in the captions of matters filed before the court for this matter as "Mirian".

    2. On March 22, 2005, an Order was entered directing the Clerk to Accept Interpled Funds, in the amount of Twenty Thousand, Four Hundred and Forty-Eight Dollars and 72/100 ($20,448.72), into the Court Registry.

    3. On November 1, 2006, the parties mediated the case pursuant to Order of this Court. Lynn H. Cole mediated the case.

4. On November 1, 2006, the parties and the mediator appeared before this Court to announce that they had reached a settlement in the case.

5. The Mediated Settlement Agreement was reported in open court by the Mediator and personally affirmed by attending each party, including Sarah Patamia who attended the Hearing by telephone.

6. The Mediated Settlement Agreement, confirmed by the parties, shall disperse the monies currently held in the Court Registry for this case as follows:

a. Steven Patamia shall receive from the proceeds deposited into the Court Registry a check in the amount of Ten Thousand Dollars, Two Hundred and Twenty Four Dollars and 36/100 ($10,224.36). A check in that amount shall be issued by the Clerk of the Court and sent to the address of Steven Patamia listed in the Court Record;

b. Marian Patamia shall receive from the proceeds deposited into the Court Registry a check in the amount of Four Thousand Two Hundred and Twenty-Four Dollars and 36/100 ($4,224.36). A check in that amount, with her first name correctly spelled as "Marian", shall be issued by the Clerk of the Court and sent to the address of Marian Patamia listed in the Court Record;

c. Mandy Patamia shall receive from the proceeds deposited into the Court Registry a check in the amount of Three Thousand Dollars and 00/100 ($3,000.00). A check in that amount shall be issued by the Clerk of the Court and sent to the address of Mandy Patamia listed in the Court Record;

d. Sarah Patamia shall receive from the proceeds deposited into the Court Registry a check in the amount of Three Thousand Dollars and 00/100 ($3,000.00). A check in that amount shall be issued by the Clerk of the Court and sent to the address of Sarah Patamia listed in the Court Record;

7. The parties further expressly agree as follows:

a. Photographs as well as some photographic equipment of Marian and Steven's father, Sarah and Mandy's grandfather, are in the possession of Marian Patamia. Sarah Patamia shall be given access by Marian Patamia to review and copy any of those photographs for her own use

and Sarah may keep any photographs that Sarah and Marian mutually agree upon. In additional Sarah, shall receive photographic equipment of her now deceased grandfather from Marian Patamia;

      b. Marian Patamia agrees to not initiate nor perpetuate future personal contact of any kind or nature with Sharon Scalici, the mother of Mandy Patamia, except for any which may become legally required;

      c. Steven and Marian Patamia agree that they shall not intentionally initiate or perpetuate any future personal contact of any kind or nature, forever, with each other except for any which may become legally required. Such prohibition does not extend to contact between either Mandy Patamia or Sarah Patamia with Marian Patamia;

      d. The parties, Marian Patamia, Steven Patamia, Mandy Patamia and Sarah Patamia, each for himself or herself, and each for his and her heirs, executors, administrators and assigns forever releases and discharges each other and each other's heirs, executors, administrators, from any and all claims, demands, causes of actions, fees and liabilities of any kind whatsoever, whether known or unknown, which each party ever had or now has against each other, and each other's executors, administrators and assigns by reason of any actual or alleged act, omission, transaction, agreement, practice, conduct, policy, occurrence, or other matter up to and including the date of this Agreement, (whether based on federal, state or local law, statute, rule, regulation or common law).

      8. Each party has agreed to the terms of this agreement in open Court on November 1, 2006.

      9. This Proposed Order was sent via email to Marian Patamia, and to Steven Patamia, on behalf of himself and his two daughters, Sarah and Mandy Patamia, for review and approval. The mediator received notice from Marian and Steven Patamia and through Steven Patamia, Mandy and Sarah Patamia, that they approved of the Proposed Order.

      10. Having reviewed the Proposed Order and approving it, this Order shall be entered and the Clerk of the Court notified for purposed of issuing the settlement checks set out above.

      11. This Case is dismissed with prejudice.   Accordingly, it is

**ORDERED** that this cause of action be **dismissed with prejudice** and the Clerk of Court is directed to comply with the provisions stated above in the order, to issue the appropriate checks, to close this, case and to terminate any pending motions. Accrued interest, if any, shall be divided amongst the check recipients in the percentage which the interpled fund are distributed.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 14th day of November, 2006.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Parties and Counsel of Record             .